UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN SEAN MANGEL, individually

    Plaintiff,

v.                                                  Case No.: 2:19-cv-525-FtM-38MRM

ANI KATIUSKA DAZA,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is *pro se* Defendant Ani Katiuska Daza's ("Daza") Motion to Dismiss (Doc. 10) filed on September 19, 2019. Plaintiff Ryan Sean Mangel ("Mangel") filed a Response to Defendant's Motion to Dismiss (Doc. 11) on October 2, 2019. For the following reasons, the Court finds the Amended Complaint is due to be dismissed as an impermissible shotgun pleading.

Mangel brings this defamation action against his ex-wife, Daza. (Doc. 8). Fifteen years ago, Mangel and Daza, a citizen of Venezuela, married in Canada. (*Id.* at 3). Mangel adopted Daza's son, M.M. (*Id.*). Daza and M.M. obtained residency in Canada. (*Id.*). Together Mangel and Daza had a daughter, A.M., who is a Canadian citizen. (*Id.*).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

In March 2016, Mangel relocated his family to Naples, Florida, and began the process of obtaining United States Green Cards for Daza and their children. (*Id.*).

Due to martial strife, Mangel filed for divorce in February 2017. (*Id.* at 4). Ultimately, however, Mangel dismissed the divorce action. (*Id.*). Subsequently, Daza petitioned Mangel for divorce, which became final in August 2018. (*Id.*). Meanwhile, Daza allowed her and M.M.'s Canadian residency to expire. (*Id.*). Because Daza's Green Card was predicated on her marriage to Mangel, her application for United States citizenship was due to be cancelled. (*Id.* at 3). Based on her illegal immigration status, Daza and her children faced deportation to Venezuela. (*Id.* at 5). To gain attention about her immigration crisis, Daza took to the local news media in February 2019. (*Id.*). Mangel states Daza published the following five false or implicitly false statements about him to the media, which were broadcast by television and the internet:

- It came as a shock when he asked for a divorce;
- Mangel moved away and has not petitioned his children to become citizens;
- Mangel destroyed M.M.'s dream of going to college and becoming a video-game developer;
- Mangel does not care for his children;
- Daza can't file paperwork to be a citizen here in the U.S. because she has no legal standing unless Mangel petitions her or she marries an American citizen. Daza doesn't want to return to Venezuela because of the war and hunger in the country, the neighborhood is crime ridden, and her children don't even speak Spanish.

(*Id.* at 7-8). As a result of Daza's statements, Mangel contends he has suffered a strained relationship with his children and a loss to his reputation and business opportunities as a doctor. (*Id.* at 8-9).

Now, Mangel sues Daza for one count of defamation. (*Id.* at 6-10). Daza moves the Court to dismiss the Amended Complaint for failure to state a claim. (Doc. 10). However, because the Third Amended Complaint constitutes an impermissible shotgun pleading, the Court has a duty to intervene *sua sponte* and order repleader. See *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (abrogated on other grounds) ("[I]f in the face of shotgun complaint, the defendant does not move the district court to require a more definite statement, the court . . . must intervene *sua sponte* and order repleader).

Federal Rules of Civil Procedure 8 and 10 set the minimum requirements for pleadings. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 10(b) says "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Problems arise when a plaintiff does not follow these rules. And a shotgun pleading is such a problem. There are four impermissible shotgun pleadings, one of which is at issue here. This "type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323-24 (11th Cir. 2015) (footnote omitted).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted). They "waste scarce judicial resources, inexorably broaden[ ] the scope of discovery, wreak

havoc on appellate court dockets, and undermine[ ] the public's respect for the courts." *Id.* (internal quotes and citation omitted). And they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (footnoted omitted).

The Amended Complaint is a shotgun pleading because Mangel attempts to plead two distinct torts (defamation and defamation by implication) into one count. These causes of action are similar yet have distinct elements. *See Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008) (stating, under a variation of defamation, Florida courts also recognize a claim of defamation by implication, which occurs when truthful statements create a false impression). By lumping two separate causes of action into one count, Daza and the Court face the onerous task of sifting through the Amended Complaint to determine which of the five defamatory statements amount to defamation or defamation by implication. Because the Amended Complaint contravenes procedural pleading rules, the Court will require Mangel to replead its claims.

Accordingly, it is now

**ORDERED:**

1. Defendant Ani Katiuska Daza's Motion to Dismiss (Doc. 10) is **GRANTED** to the extent the Amended Complaint is an impermissible shotgun pleading**.**

2. The Amended Complaint (Doc. 8) is **DISMISSED without prejudice**.
    a. Plaintiff Mangel may file a Second Amended Complaint **on or before October 24, 2019**. **Failure to file a timely amended**

**pleading will result in the closure of this case without further notice.**

b. If warranted, Defendant may file a motion to dismiss the Second Amended Complaint **on or before November 7, 2019**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of October, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record