UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN SEAN MANGEL, individually

       Plaintiff,

v.                                 Case No.:  2:19-cv-525-FtM-38MRM

ANI KATIUSKA DAZA,

       Defendant.

_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Ani Katiuska Daza's Motion to Dismiss (Doc. 19) filed on November 7, 2019.  Plaintiff Ryan Sean Mangel ("Mangel") filed a Response to Defendant's Motion to Dismiss Second Amended Complaint (Doc. 26) on November 21, 2019.  For the following reasons, Daza's motion is granted in part and denied in part.

## BACKGROUND[2]

Mangel sues his ex-wife, Daza, for defamation and defamation by implication. (Doc. 17).  Fifteen years ago, while in Canada, the parties married and Mangel adopted Daza's son, M.M.  (*Id.* at ¶ 11).  Daza and M.M., both citizens of Venezuela, obtained permanent Canadian residency.  (*Id.* at ¶ 12).  Together Mangel and Daza had a daughter, A.M., who is a Canadian citizen.  (*Id.* at ¶ 13).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Court recounts the factual background as pled in Plaintiff's Second Amended Complaint, which it must take as true to decide whether the Second Amended Complaint states a plausible claim.  *See Chandler v. Sec'y Fla. Dep't. of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

Mangel alleges his marriage was "difficult, rife with Daza's manipulation." (*Id.* at ¶ 14).  He, nevertheless, remained married to Daza, and in March 2016, relocated his family to Naples, Florida.  (*Id.* at ¶ 15).  During this time, Mangel began the process of obtaining a United States Green Card for Daza and their two children.  (*Id.* at ¶ 17).  Mangel then determined he could no longer stay married to Daza and petitioned her for a divorce.  (*Id.* at ¶¶ 18, 20, 26).  Due to the pending divorce, Daza's Green Card application was due to be cancelled.  (*Id.* at ¶ 21).  Mangel offered to move Daza and their children back to Canada where they could live lawfully, but Daza refused this offer.  (*Id.* at ¶ 23).  Daza, unsatisfied with residency in Canada, allowed her and M.M.'s Canadian residency to expire.  (*Id.* at ¶ 24).

Ultimately, Mangel dismissed the divorce case against Daza.  (*Id.* at ¶ 28).  Daza, however, decided to file for divorce, which became final eighteen months ago.  (*Id.* at ¶¶ 29, 33).  Mangel then began the process of renewing M.M.'s and A.M.'s United States Green Card application.  (*Id.* at ¶ 35).  Mangel alleges he consistently provided alimony and child support payments.  (*Id.* at ¶ 36).  Additionally, he asked the children to visit him on numerous occasions and offered to pay for M.M. to attend college.  (*Id.* at ¶¶ 37-38).  He states Daza refused to allow the children to visit him and M.M. declined his offer to pay for his education expenses.  (*Id.* at ¶¶ 37-38).

Now divorced, and lacking United States' citizenship, Daza and the children faced deportation back to Daza's home country of Venezuela.  To bring the immigration crisis to light, Daza contacted the local media.  (*Id.* at ¶¶ 40-41).  Daza told the media Mangel divorced her unexpectedly and abandoned her and the children in the United States without any path to citizenship.  (*Id.*).  As discussed below, Mangel argues Daza published

several defamatory statements about him to the children and/or the media, which were later broadcasted in a news story on television and the internet.  (*Id.* at ¶¶ 39-45).

Following the news story, Mangel filed suit against Daza for one-count of defamation.  (Doc. 1).  Shortly thereafter, Mangel amended his complaint, which Daza moved to dismiss.  (Docs. 8; 10).  Upon review of the motion, the Court determined Mangel's Amended Complaint constituted an impermissible shotgun pleading because it commingled two causes of action (defamation and defamation by implication) into one count.  (Doc. 14).  The Court thus allowed Mangel an opportunity to replead.  (*Id.*).  Mangel then filed a Second Amended Complaint, alleging both defamation and defamation by implication.  (Doc. 17).

Now, Daza moves to dismiss the Second Amended Complaint for failure to state a claim.  (Doc. 19).  For the reasons stated below, Daza's motion is granted in part and denied in part.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations as true and view them in a light most favorable to the plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation.  The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct.  *See Iqbal,* 556

U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *See id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## A. Count I: Defamation by Implication

In Count I, Mangel brings forth a claim for defamation by implication. Defamation by implication occurs when "literally true statements are conveyed in such a way as to create a false impression[.]" *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1108 (Fla. 2008) (emphasis added). In particular, the tort "arises[] not from what is stated, but from what is implied when a defendant (1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts[.]" *Id.* at 1106 (internal quotation marks and citations omitted). Under this cause of action, a claimant "must allege that the underlying statements are true." *Klayman v. City Pages*, Case No: 5:13-cv-143-Oc-22PRL, 2014 WL 12621240 (M.D. Fla. July 9, 2014).

In the Amended Complaint, Mangel stated a hybrid one-count action of defamation and defamation by implication. (Doc. 8 at 7-8). Since the Amended Complaint constituted a shotgun pleading, the Court allowed Mangel an opportunity to replead, noting that "defamation by implication[] occurs when truthful statements create a false impression." (Doc. 14 at 4) (emphasis added). Upon review of the Second Amended Complaint, it appears Mangel remains puzzled as to the elements of defamation by implication versus defamation. In his Second Amended Complaint, Mangel alleges that the following statements made by Daza are false and amount to defamation by implication:

- Mangel moved away and has not petitioned his children to become citizens;

- It came as a shock when he asked for a divorce;

- Mangel destroyed M.M.'s dreams of going to college and becoming a game developer;

- Daza can't file paperwork to be a citizen here in the U.S. because she has no legal standing unless Mangel petitions her or she marries an American citizen. Daza doesn't want to return to Venezuela because of the war and hunger in the country, the neighborhood is crime ridden, and her children don't even speak Spanish;

- As retold by the news reporter: Born in Venezuela and abandoned in Collier County after 14 years of marriage, Ani Daza and her children are now facing deportation. Daza met her husband in 2002 in Venezuela while he was in medical school. The couple traveled the world with two kids before coming to the U.S. That's when he left them.

(Doc. 17 at 8-9).

Mangel fails to set forth a cause of action for defamation by implication because, under this theory, he must allege the underlying statements are <u>true</u>. Mangel, however, alleges the statements above are <u>false</u>. Thus, he fails to state a claim for defamation by implication under Count I.

## B. Count II: Defamation

Under Count II, Mangel alleges Daza published the following defamatory statements to his children and/or the local media:

- Mangel moved away and has not petitioned his children to become citizens;

- Mangel destroyed M.M.'s dreams of going to college and becoming a video-game developer;

- Mangel does not care for his children;

- Mangel abandoned them in Collier County, Florida as effectively illegal immigrants.

(*Id.* at 13).

5

"Defamation has the following five elements: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Rapp,* 997 So. 2d at 1105-06. "[A] defamatory statement is one that tends to harm the reputation of another by lowering him or her in the estimation of the community or, more broadly stated, one that exposes a plaintiff to hatred, ridicule, or contempt or injures his business or reputation or occupation." *Id.* at 1108-09.

First, Mangel must show that Daza personally published defamatory statements against him. The publication of a statement in a defamation claim only requires the dissemination of a false statement to a person other than the defamed person. *See Doe v. Am. Online, Inc.*, 783 So. 2d 1010, 1016 (Fla. 2001) (citation omitted). Mangel alleges Daza published statements to their children and the local media that he unexpectedly divorced her, abandoned them without a path to United States' citizenship, and does not care for their children. (*Id.* at ¶¶ 63-65). These statements were then broadcasted in a news story on the internet and television. (*Id.* at ¶ 64). Additionally, Daza shared the news article on her Facebook and at least three of her friends responded to the post. (*Id.* at ¶ 45). Because Mangel has shown these statements were disseminated to a person other than himself, he has satisfied the element of publication.

Second, Mangel must allege Daza's published statements were false. Mangel states the above statements are false because he (a) petitioned the United States to issue Green Cards for the children, (b) supports M.M.'s career aspirations and offered to pay for his college, (c) communicates and visits his children when possible and financially

6

cares for them, and (d) did not abandon his family.  (*Id.* at ¶ 65).  Taking these allegations as true, the Court finds Mangel has sufficiently alleged Daza published false statements.

Third, Mangel must show that Daza negligently published these false statements without regard to their truthfulness.  Mangel has alleged Daza knew her statements were false but published them anyways.  (*Id.* at ¶ 67).  The third element is thus satisfied here.

Next, Mangel asserts he has been damaged because of Daza's defamatory statements against him.  (*Id.* at 14).  "[E]vidence of some actual injury," such as injury to reputation, personal humiliation, and mental anguish and suffering, is required to recover for defamation.  *Miami Herald Publ'g Co. v. Ane*, 458 So. 2d 239, 242 (Fla. 1984) (citations omitted).  Here, Mangel contends he has suffered, among other things: (a) damage to his reputation among his family, friends, and acquittances; (b) humiliation and mental anguish; (c) damage to his professional reputation as a medical doctor; and (d) lost referrals, contracts, and business opportunities.  (*Id.* at ¶ 71).  Because Mangel has alleged he suffered actual injuries, the Court finds element four is satisfied.

Last, Mangel must show Daza's false statements were defamatory.  A defamatory statement is one that tends to harm someone's reputation in the community or deters others from associating with the person.  *See Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 803 (Fla. 1st DCA 1997) (citation omitted).  As stated above, Daza has published false statements about Mangel asserting, among other things, he (a) abandoned his family as illegal immigrants in a foreign country and (b) does not care for his children.  Mangel has alleged these statements are defamatory and have harmed his reputation in the community.  Taking these allegations as true, the Court finds Mangel has satisfied the final element of defamation.  Consequently, Count II survives the motion.

Accordingly, it is now

**ORDERED:**

Defendant Ani Katiuska Daza's Motion to Dismiss (Doc. 19) is **GRANTED in part** and **DENIED in part**.

1. Defendant's Motion to Dismiss is **GRANTED** as to Count I.  Count II survives the motion to dismiss stage.

2. Defendant Ani Katiuska Daza shall file an answer to the Second Amended Complaint (Doc. 17) **on or before December 24, 2019.**

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of December, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record