UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN SEAN MANGEL, individually

    Plaintiff,

v().    Case No.: 2:19-cv-525-FtM-38MRM

ANI KATIUSKA DAZA,

    Defendant.
_____/

## **ORDER**[1]

This matter is before the Court on Defendant Ani Katiuska Daza's ("Daza") failure to file a proper answer to the Second Amended Complaint. Two weeks ago, the Court extended its **fourth and final** opportunity for Daza to answer. (Doc. 41). It warned Daza that failure to comply with the Court's request would result in a clerk's default. (*Id.* at 2). Because Daza ignored the Court's final Order, it will direct the Clerk to issue a clerk's default against her.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effected service of process. See *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-CV-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Federal Rule of Civil Procedure 5(a)(1)(B) states that pleadings filed after the original complaint must be served on every party. "When serving a pleading subsequent, such as the Second Amended Complaint, the plaintiff need only mail a copy of the pleading to the last known address of the person served." *Vax-D Med. Tech., LLC v. Tex. Spine Med. Ctr.*, 485 F.3d 593, 597 (11th Cir. 2007) (citing Fed. R. Civ. P. 5(b)(2)(B)). Fed. R. Civ. P. 5(b)(2)(C) specifies that service of such pleadings may be made by "mailing it to the person's last known address—in which event service is complete upon mailing[.]" Here, Plaintiff mailed a copy of the Second Amended Complaint to Daza at her last known address on November 21, 2019. (Doc. 22). Thus, the Court finds Plaintiff properly served Defendant.[2]

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 42) is **STRICKEN** from the record.

2. The Clerk will enter clerk's default against Defendant Daza.

3. Plaintiff should move for default judgment **on or before February 25, 2020**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of February, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] The Court also finds Plaintiff properly effectuated service of the original complaint when a Certified Process Server hand delivered the complaint and summons to Daza at her home on August 30, 2019. (Doc. 9). *See* Fed. R. Civ. P. 4(e)(2)(A) (An individual may be served "in a judicial district of the United States by . . . delivering a copy of the summons and of the complaint to the individual personally[.]").