RYAN SEAN MANGEL, individually

       Plaintiff,

v.                                                    Case No.:  2:19-cv-525-FtM-38MRM

ANI KATIUSKA DAZA,

       Defendant.

_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Ryan Sean Mangel's ("Mangel") Amended Motion for Default Judgment and Amended Declaration filed on March 2, 2020.  (Docs. 46; 46-1).  Although given the opportunity, Defendant Ani Katiuska Daza ("Daza") failed to respond, and the time to do so has expired.  For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

Mangel initiated this defamation action against his ex-wife, Daza, nearly eight months ago.  (Doc. 1).  The Second Amended Complaint, which is the operative pleading, alleges Daza defamed Mangel by publishing false statements to their children and the local media.  (Doc. 17).  Specifically, Daza asserted Mangel divorced her unexpectedly and abandoned her and their children in the United States without a path to citizenship.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

(*Id.* at ¶¶ 39-45).  The immigration news story was published on television and the internet. (*Id.*).

Daza moved to dismiss the Second Amended Complaint.  (Doc. 19).  The Court granted in part and denied in part Daza's motion finding Mangel failed to state a claim for defamation by implication (Count I) but his claim for defamation (Count II) survived.  (Doc. 37).  The Court ordered Daza to file an answer to the Second Amended Complaint, but she missed the filing deadline.  (*Id.*).  After the Court extended her two additional opportunities to answer, she responded by filing another motion to dismiss.  (Docs. 38; 39; 40).  The Court extended Daza a fourth and final opportunity to file a proper answer, noting that failure to comply with the Court's Order would result in the entry of a clerk's default for Mangel.  (Doc. 41).  Daza ignored the Court's final Order and instead filed another motion to dismiss.  (Doc. 42).  Finding Mangel properly served Daza, the Court struck the improper motion to dismiss from the record and directed the Clerk to enter default.  (Doc. 43).  Pursuant to the Court's directive, Mangel has now moved for default judgment on Count II (defamation) of the Second Amended Complaint.  (Doc. 46).  Mangel seeks $100,000 in general damages, $300,000 in punitive damages, and a permanent injunction requiring Daza to remove any social media posts linking to the news story.

## LEGAL STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear.  *See* Fed. R. Civ. P. 5(b)(2); *see also Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (Although defaults are disfavored because of the strong policy determining cases on their merits, courts have "authority to enter

default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure."). Notably, "[w]hile the filings of a *pro se* party are held to less stringent standards than formal pleadings drafted by lawyers, a *pro se* litigant is not exempt from this rule." *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011) (internal citation and quotation marks omitted); *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). In defaulting, a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[2] ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.")). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to show is entitlement to relief "requirements more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

If the admitted facts are enough to establish liability, the Court must ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. Importantly, damages may be awarded only if the record adequately reflects the basis for the award, which can be shown by submission of detailed

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). When the amount of damages is not sum certain, the court may conduct an evidentiary hearing. *See* Fed. R. Civ. P. 55(b)(2); *United States Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("[A] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.").

## DISCUSSION

As to liability, the Court previously held Plaintiff sufficiently states a cause of action for defamation at the motion to dismiss stage. (Doc. 37). The Court reaffirms its finding here. In this case Mangel specifically alleges a claim for defamation *per se*. In cases of *per se* defamation brought by a private plaintiff against a non-media defendant, non-economic damages may be presumed without special proof. *See Harriss v. Metropolis Co.*, 160 So. 205, 207 (Fla. 1935) ("Where a publication is false and not privileged, and is such that its natural and proximate consequence necessarily causes injury to a person in his personal, social, official, or business relations of life, wrong and injury are presumed or implied, and such publication is actionable *per se*."); *see also Axelrod v. Califano*, 357 So.2d 1048, 1050 (Fla. 1st DCA 1978) ("When the words published concerning a person tend to degrade him, bring him into ill repute, destroy confidence in his integrity, or cause other like injury, such language is actionable *per se*."). Here, Daza's allegations that Mangel "does not care for his children," "abandoned" his family in Florida as illegal immigrants and destroyed his son's dreams of going to college necessarily subject him

to ridicule, disgrace, and destroy confidence in his integrity.  Daza is thus liable under Count II of the Second Amended Complaint.

Having decided liability, the Court turns to Mangel's requests for relief.  First, Mangel demands $100,000 in general damages and $300,000 in punitive damages. "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999); *see also Handal v. Joseph*, No. 1:13-CV-20111, 2013 WL 12141340, at *3 (S.D. Fla. Dec. 3, 2013), aff'd, No. 13-20111-CIV, 2013 WL 12141341 (S.D. Fla. Dec. 27, 2013) (citations omitted) ("Although the *per se* defamation in this case entitles [plaintiff] to general damages as a matter of law, the amount of damages he is entitled to recover must still be determined.").  Mangel's request for general and punitive damages include, among other things, damages related to humiliation, mental anguish, and lost future income.  (Doc. 17 at 14).  The damages associated with these losses are not readily capable of mathematical calculation.  What is more, Mangel provides no computation outlining why he is entitled to $400,000 in damages.  At best, he says he invested $20,000 into his new physician coaching business and is subject to scrutiny as an emergency room doctor, including internet searches. (Doc. 46-1 at 2-4).  This still does not show the Court how he is automatically entitled to $400,000.  Because the amount of damages owed to Mangel are not sum certain, an evidentiary hearing is warranted.

Last, Mangel requests a permanent injunction requiring the removal of Daza's social media posts republishing the original news story.  (Doc. 46 at 12-14).  To obtain a

permanent injunction, a party must show: "(1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; and (3) irreparable harm will result if the court does not order injunctive relief." *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005) (citation omitted).  The party seeking a permanent injunction has the burden of proof to show "by a preponderance of the evidence that [the requested] form of equitable relief is necessary." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 n.10 (11th Cir. 2007).  A permanent injunction is "an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).

Mangel argues the Court should order Daza to remove her social media posts republishing the original defamatory news story.  (Doc. 46 at 12-14).  He says this injunctive relief is necessary to prevent damage to his reputation personally and as a doctor. (*Id.* at 13-14).  The Court finds Mangel's allegations are insufficient to support the "extraordinary and drastic remedy" of a permanent injunction. *Canal Authority of the State of Florida*, 489 F.2d at 573.  First, a retraction of Daza's social media posts would not afford Plaintiff complete relief considering, as Plaintiff concedes, the original immigration news story remains available on the broadcaster's website for anyone to view.  Second, Mangel's assertion that his reputation will be damaged because of Daza's republication of the news article is speculative at best.  It is well settled that speculative, conjectural harm does not constitute irreparable injury.  *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994).  Mangel has provided no evidence that his reputation is

actually and imminently at stake.  As a result, Plaintiff has not carried its burden to show a permanent injunction is necessary form of equitable relief in this case.[3]

Accordingly, it is now

**ORDERED:**

1. Plaintiff Ryan Sean Mangel's Amended Motion for Default Judgment (Doc. 46) is **GRANTED in part** and **DENIED in part**.

   a. Judgment of liability is entered in favor of Plaintiff as to Count II of the Second Amended Complaint.

   b. Plaintiff's request for a permanent injunction is **DENIED**.

   c. The parties shall appear before the undersigned for an evidentiary hearing as to damages.  A separate notice will issue setting a hearing date.

2. Plaintiff's Motion for Default Judgment (Doc. 45) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of April, 2020.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record

---

[3] What is more, it appears a permanent injunction in this defamation case may be improper considering the First Amendment.  *See Gunder's Auto Ctr. v. State Farm Ins.*, 617 F. Supp. 2d 1222, 1225 (M.D. Fla. 2009), aff'd sub nom. *Gunder's Auto Ctr. v. State Farm Mut. Auto. Ins. Co.*, 422 F. App'x 819 (11th Cir. 2001) (collecting cases).