UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN SEAN MANGEL, individually

      Plaintiff,

v.                                                                    Case No.:  2:19-cv-525-FtM-38MRM

ANI KATIUSKA DAZA,

      Defendant.
_____/

**OPINION AND ORDER**[1]

Before the Court is Plaintiff Ryan Sean Mangel's ("Mangel") Renewed Motion for Final Default Judgment of Nominal Damages filed on May 12, 2020. (Doc. 49).  Although given the opportunity, Defendant Ani Katiuska Daza ("Daza") has failed to respond.  For the following reasons, Mangel's motion is granted.

Nearly one year ago, Mangel instituted this defamation action against his ex-wife, Daza.  (Doc. 1).  Because Daza failed to comply with Court directives several times the Court directed the Clerk to enter default against her.  (Doc. 43).  Mangel then moved for default judgment on Count II (defamation) of the Second Amended Complaint.  (Doc. 46).  Mangel sought $100,000 in general damages, $300,000 in punitive damages, and a permanent injunction requiring Daza to remove her social media posts linking to the original defamatory news story.  (*Id.*).  The Court granted in part and denied in part the default judgment motion.  (Doc. 47).  It (a) entered judgment of liability for Mangel as to

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Count II of the Second Amended Complaint, (b) denied Mangel's request for a permanent injunction, and (c) determined that since Mangel's damages were not sum certain, an evidentiary hearing was required. (*Id.*). Now, Mangel asks the Court to cancel the evidentiary hearing and award him nominal damages for $1.00, interest, and costs. (Doc. 49). The Court addresses each request below, starting with Mangel's demand for nominal damages.

Mangel asks the Court to award him $1.00 in nominal damages. Under Florida law, "[o]ne who is liable for a slander actionable *per se* or for libel is liable for at least nominal damages." *Myers v. Jim Russo Prison Ministries, Inc.*, 3 So. 3d 411, 412 (Fla. 2d DCA 2009) (internal citations and quotation marks omitted). A nominal damages award for $1.00 is proper when no damages have been proven. *See Cason v. Baskin*, 159 Fla. 31, 30 So. 2d 635 (Fla. 1947) (permitting the recovery of nominal damages in a tort case when no actual damages shown); *State, Dep't of Corr. v. Niosi*, 583 So. 2d 441, 441 (Fla. Dist. Ct. App. 1991) (awarding nominal damages in a sum not to exceed $1.00). Because no actual damages have been shown and Mangel seeks only a $1.00, the Court will grant his request for nominal damages.

Next, Mangel requests "interest" on his $1.00 award. (Doc. 49 at 3). Notably, Plaintiff provides no justification for receiving interest or specify what kind of interest he seeks. In any event, the Court will determine whether Mangel is entitled to pre- and post-judgment interest. First, in diversity cases, Florida state law governs the award of pre-judgment interest. *See Royster Co. v. Union Carbide Corp.*, 737 F.2d 941, 948 (11th Cir. 1984) (citation omitted). Under Florida law, "[i]t is well settled that a plaintiff is entitled to prejudgment interest when it is determined that the plaintiff has suffered an actual, out-

of-pocket loss at some date prior to the entry of judgment." *Alvarado v. Rice*, 614 So. 2d 498, 499 (Fla. 1993).  Because Mangel's award of nominal damages does not represent an ascertainable out-of-pocket loss, he cannot collect pre-judgment interest under state law.

Next, for post-judgment interest, federal law governs.  *See e.g., Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 572 n.4 (11th Cir. 1991).  Post-judgment interest is mandatory under 28 U.S.C. § 1961. The Court will thus grant post-judgment interest to Mangel and direct the Clerk to enter judgment accordingly.

Last, Mangel demands court costs.  (*Id.*).  Typically, the Court addresses costs after judgment is entered.  *See* M.D. Fla. R. 4.18.  Setting the timing issue aside, Plaintiff violates the procedures required to obtain such costs.  Under Federal Rule of Civil Procedure 54(d), costs should be taxed for the prevailing party.  To recover costs, the party **must file a Bill of Costs,** *see* 28 U.S.C. § 1920, and **move for costs by separate motion or petition** no later than 14 days following the entry of judgment, *see* M.D. Fla. R. 4.18.  Because Mangel violated these rules, and it is unclear what costs he seeks, Plaintiff will have **five (5) days** from the date of this Order to file a motion and Bill of Costs for the Court's consideration.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Sean Ryan Mangel's Renewed Motion for Final Default Judgment of Nominal Damages (Doc. 49) is **GRANTED** to the extent above.

2. The Clerk of Court is **DIRECTED** enter default judgment in favor of Plaintiff Sean Ryan Mangel against Defendant Ani Katiuska Daza in these amounts:

    a. $1.00 in nominal damages; and

    b. post-judgment interest accruing from the date judgment is entered at the rate established by 28 U.S.C. § 1961.

3. The Clerk of Court is **DIRECTED** to enter judgment, deny all pending motions as moot, terminate any deadlines, and close the file.  **The Clerk will also cancel the damages hearing scheduled for June 17, 2020**.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of June, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record